UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GENESIS ELDERCARE REHABILITATION SERVICES, INC. d/b/a GENESIS REHABILITATION SERVICES, a Pennsylvania Corporation | ) ) ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) ) | Civil Action No.: _____ |
| GRANT PARK NURSING HOME LIMITED PARTNERSHIP d/b/a GRANT PARK CARE CENTER, a limited partnership | ) ) ) ) | |
| Serve:  Corporation Service Company 1090 Vermont Ave., N.W. Washington, D.C. 20005 | ) ) ) ) ) | |
| DEFENDANT | ) ) | |

## COMPLAINT

Plaintiff Genesis Eldercare Rehabilitation Services, Inc. d/b/a Genesis Rehabilitation Services ("Genesis"), states as follows for its complaint against Defendant Grant Park Nursing Home Limited Partnership d/b/a Grant Park Care Center ("Grant Park"):

### NATURE OF THE ACTION

1.     This action arises out of Grant Park's failure to pay Genesis for therapy services provided by Genesis to the residents of a skilled nursing facility in Washington, D.C. (the "Facility"), which is owned and operated by Grant Park.

## THE PARTIES

2.      Genesis is a Pennsylvania corporation with its principal place of business in Pennsylvania.  Genesis provides therapy services to residents of long term care and skilled nursing facilities.

3.      Upon information and belief, Grant Park is a Washington, D.C. limited partnership, with its principal place of business in Washington, D.C.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      The Court has personal jurisdiction over the Defendant, as the Defendant is a Washington, D.C. limited partnership and transacts business in this state.

6.      Venue is proper in this Court because Defendant resides in and conducts business in this judicial district, and the events giving rise to the complaint occurred in this district.

## STATEMENT OF FACTS

7.      On or about April 1, 2005, Genesis entered into an agreement with Grant Park to provide therapy services at the Facility (the "Therapy Services Agreement").

8.      Genesis performed all obligations required of it under the Therapy Services Agreement, as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

9.      Pursuant to the Therapy Services Agreement with Grant Park and Genesis's performance thereunder, Grant Park is obligated to pay for the services provided by Genesis.

10.    Despite repeated demands for the sums due and owing under the Therapy Services Agreement, Grant Park has failed and refused to pay for services provided by Genesis. The outstanding balance is accruing interest at a rate of one and a half percent (1.5%).

11.    Genesis conferred with Grant Park numerous times regarding the outstanding invoices for services provided at the Facility and amounts past due and made repeated demands for payment.

12.    During conferences between Genesis and Grant Park, Grant Park represented to Genesis that the outstanding invoices would be paid and requested that Genesis continue to provide services in accordance with the Therapy Services Agreement.

13.    Genesis relied upon Grant Park's representations in continuing to provide services at the Facility.

14.    Despite Genesis's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Grant Park failed to pay for services provided by Genesis.

15.    Grant Park entered into the Therapy Services Agreement and modifications with Genesis and/or induced Genesis to continue to provide services with no intent of paying outstanding invoices or otherwise performing as required under the Therapy Services Agreement.

16.    Upon information and belief, Grant Park has been reimbursed by Medicare for all or a significant portion of the services provided by Genesis, and has directly or indirectly benefited from such reimbursement.

### COUNT I – BREACH OF CONTRACT

17.    Genesis incorporates by reference the allegations previously set forth above.

3

18.    Without legal justification or excuse, Grant Park materially breached the Therapy Services Agreement with Genesis by failing to pay sums due and owing for the services provided.

19.    As a direct and proximate result of the breach of the Therapy Services Agreement, Genesis has suffered damages for services provided, none of which Grant Park has paid.

20.    Interest is accruing at a rate of one and a half percent (1.5%) per month, as per paragraph 3.2 of the Therapy Services Agreement.

<u>COUNT II – UNJUST ENRICHMENT</u>

21.    Genesis incorporates by reference each and every allegation set forth above.

22.    Genesis has provided valuable services to Grant Park for which it has not been paid.

23.    Genesis's services were rendered under circumstances pursuant to which Grant Park reasonably should have expected Genesis would expect to be compensated.

24.    Grant Park has knowingly and willingly received, or will receive, reimbursement by Medicare for services provided by Genesis, and has wrongfully and intentionally withheld or will withhold such amounts from Genesis.

25.    Consequently, Grant Park has been unjustly enriched through the receipt of such services and at the expense of Genesis.

26.    Furthermore, Grant Park has, and continues to have, a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to Genesis if it has not timely paid invoices as required by the Therapy Services Agreement.

27.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Grant Park as reimbursement by Medicare for therapy and rehabilitation services provided by Genesis, plus interest, costs, and attorneys' fees.

**COUNT III – ACCOUNT STATED**

28.     Genesis incorporates by reference each and every allegation set forth above.

29.     Pursuant to the Therapy Services Agreement with Genesis, Grant Park agreed to pay Genesis for the services it supplied to Grant Park.

30.     Genesis delivered invoices for services rendered by Genesis to Grant Park.

31.     Grant Park, without justification, excuse or dispute of such invoices, has not paid Genesis any part of the amount invoiced.

**COUNT IV – ATTORNEYS' FEES**

32.     Genesis incorporates by reference each and every allegation set forth above.

33.     Paragraph 3.2 of the Therapy Services Agreement provides that: "Facility agrees to reimburse Genesis for any and all costs incurred to collect past due payment of Services from the Facility, including, without limitation, reasonable attorneys' fees."

34.     Grant Park has failed to perform the payment obligations under the Therapy Services Agreement.  As a result, Genesis has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Grant Park.  Genesis is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Grant Park.

**PRAYER FOR RELIEF**

WHEREFORE, Genesis requests judgment against Defendant Grant Park, as follows:

A.     An award of damages in an amount of not less than $75,000, the exact

5

amount to be proved at trial;

      B.     Genesis's costs, expenses and attorneys' fees associated with prosecution of this action;

      C.     The imposition of a constructive trust on sums received by Defendant as Medicare reimbursement for therapy and rehabilitation services provided by Genesis and not paid for by Defendant;

      D.     Pre-judgment and post-judgment interest; and

      E.     All other relief to which Genesis may be entitled.

Dated: August 10, 2007

                        Respectfully submitted,

                        _____

                        Charlie C.H. Lee (DC Bar #447501)
                        Kristen A. Bennett (DC Bar #451556)
                        MOORE & LEE, LLP
                        1750 Tysons Boulevard, Suite 1450
                        McLean, Virginia  22102-4225
                        (703) 506-2050  Telephone
                        (703) 506-2051  Facsimile
                        E-Mail: c.lee@mooreandlee.com
                        E-Mail: k.bennett@mooreandlee.com

                        Of Counsel
                        Benjamin C. Fultz
                        FULTZ MADDOX HOVIOUS & DICKENS PLC
                        2700 National City Tower
                        Louisville, Kentucky 40202
                        (502) 588-2000 Telephone
                        (502) 588-2020 Facsimile
                        E-Mail: bfultz@fmhd.com

                        *Counsel for Plaintiff*

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Genesis Eldercare Rehabilitation Services, Inc. d/b/a Genesis Rehabilitation Services | Grant Park Nursing Home Limited Partnership d/b/a Grant Park Care Center |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Chester, PA **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   D.C. **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Charlie C.H. Lee Kristen A. Bennett Moore and Lee, LLP 1750 Tysons Blvd. Suite 1450 McLean, Virginia 22102 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ⊙ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC  7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ⊙ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original    ○ 2 Removed    ○ 3 Remanded from    ○ 4 Reinstated    ○ 5 Transferred from    ○ 6 Multi district    ○ 7 Appeal to
Proceeding      from State        Appellate Court        or Reopened      another district        Litigation          District Judge
            Court                                         (specify)                                   from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1332.  This action arises out of the defendant's failure to pay for services rendered by the plaintiff.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS<br>ACTION UNDER F.R.C.P. 23 | **DEMAND $** Not less than $191,000 Check YES only if demanded in complaint<br>**JURY DEMAND:**    YES ☐    NO ☒ |
|---|---|---|

**VIII. RELATED CASE(S)**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.
**IF ANY**

DATE  August 10, 2007    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.