UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENESIS ELDERCARE REHABILITATION SERVICES, INC. d/b/a GENESIS REHABILITATION SERVICES, a Pennsylvania Corporation<br><br>   101 East State Street<br>   Kennett Square, PA 19348<br><br>   PLAINTIFF<br><br>v.<br><br>GRANT PARK NURSING HOME LIMITED PARTNERSHIP d/b/a GRANT PARK CARE CENTER, a limited partnership<br><br>   Serve: Corporation Service Company<br>          1090 Vermont Ave., N.W.<br>          Washington, D.C. 20005<br><br>   DEFENDANT | Civil Action No.: 07-1453 (RCL) |

## AMENDED COMPLAINT

Plaintiff Genesis Eldercare Rehabilitation Services, Inc. d/b/a Genesis Rehabilitation Services ("Genesis"), states as follows for its amended complaint against Defendant Grant Park Nursing Home Limited Partnership d/b/a Grant Park Care Center ("Grant Park"):

### NATURE OF THE ACTION

1.   This action arises out of Grant Park's failure to pay Genesis for therapy services provided by Genesis to the residents of a skilled nursing facility in Washington, D.C. (the "Facility"), which is owned and operated by Grant Park.

**THE PARTIES**

2.      Genesis is a Pennsylvania corporation with its principal place of business in Pennsylvania.  Genesis provides therapy services to residents of long term care and skilled nursing facilities.

3.      Upon information and belief, Grant Park is a Washington, D.C. limited partnership, with its principal place of business in Washington, D.C.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      The Court has personal jurisdiction over the Defendant, as the Defendant is a Washington, D.C. limited partnership and transacts business in this state.

6.      Venue is proper in this Court because Defendant resides in and conducts business in this judicial district, and the events giving rise to the complaint occurred in this district.

**STATEMENT OF FACTS**

7.      On or about April 1, 2005, Genesis entered into an agreement with Grant Park to provide therapy services at the Facility (the "Therapy Services Agreement").

8.      Genesis performed all obligations required of it under the Therapy Services Agreement, as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

9.      Pursuant to the Therapy Services Agreement with Grant Park and Genesis's performance thereunder, Grant Park is obligated to pay for the services provided by Genesis.

10. Despite repeated demands for the sums due and owing under the Therapy Services Agreement, Grant Park has failed and refused to pay for services provided by Genesis. The outstanding balance is accruing interest at a rate of one and a half percent (1.5%).

11. Genesis conferred with Grant Park numerous times regarding the outstanding invoices for services provided at the Facility and amounts past due and made repeated demands for payment.

12. During conferences between Genesis and Grant Park, Grant Park represented to Genesis that the outstanding invoices would be paid and requested that Genesis continue to provide services in accordance with the Therapy Services Agreement.

13. Genesis relied upon Grant Park's representations in continuing to provide services at the Facility.

14. Despite Genesis's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Grant Park failed to pay for services provided by Genesis.

15. Grant Park entered into the Therapy Services Agreement and modifications with Genesis and/or induced Genesis to continue to provide services with no intent of paying outstanding invoices or otherwise performing as required under the Therapy Services Agreement.

16. Upon information and belief, Grant Park has been reimbursed by Medicare for all or a significant portion of the services provided by Genesis, and has directly or indirectly benefited from such reimbursement.

## COUNT I – BREACH OF CONTRACT

17. Genesis incorporates by reference the allegations previously set forth above.

18. Without legal justification or excuse, Grant Park materially breached the Therapy Services Agreement with Genesis by failing to pay sums due and owing for the services provided.

19. As a direct and proximate result of the breach of the Therapy Services Agreement, Genesis has suffered damages for services provided, none of which Grant Park has paid.

20. Interest is accruing at a rate of one and a half percent (1.5%) per month, as per paragraph 3.2 of the Therapy Services Agreement.

### COUNT II – UNJUST ENRICHMENT

21. Genesis incorporates by reference each and every allegation set forth above.

22. Genesis has provided valuable services to Grant Park for which it has not been paid.

23. Genesis's services were rendered under circumstances pursuant to which Grant Park reasonably should have expected Genesis would expect to be compensated.

24. Grant Park has knowingly and willingly received, or will receive, reimbursement by Medicare for services provided by Genesis, and has wrongfully and intentionally withheld or will withhold such amounts from Genesis.

25. Consequently, Grant Park has been unjustly enriched through the receipt of such services and at the expense of Genesis.

26. Furthermore, Grant Park has, and continues to have, a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to Genesis if it has not timely paid invoices as required by the Therapy Services Agreement.

27. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Grant Park as reimbursement by Medicare for therapy and rehabilitation services provided by Genesis, plus interest, costs, and attorneys' fees.

## COUNT III – ACCOUNT STATED

28. Genesis incorporates by reference each and every allegation set forth above.

29. Pursuant to the Therapy Services Agreement with Genesis, Grant Park agreed to pay Genesis for the services it supplied to Grant Park.

30. Genesis delivered invoices for services rendered by Genesis to Grant Park.

31. Grant Park, without justification, excuse or dispute of such invoices, has not paid Genesis any part of the amount invoiced.

## COUNT IV – ATTORNEYS' FEES

32. Genesis incorporates by reference each and every allegation set forth above.

33. Paragraph 3.2 of the Therapy Services Agreement provides that: "Facility agrees to reimburse Genesis for any and all costs incurred to collect past due payment of Services from the Facility, including, without limitation, reasonable attorneys' fees."

34. Grant Park has failed to perform the payment obligations under the Therapy Services Agreement. As a result, Genesis has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Grant Park. Genesis is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Grant Park.

## PRAYER FOR RELIEF

WHEREFORE, Genesis requests judgment against Defendant Grant Park, as follows:

A. An award of damages in an amount of not less than $75,000, the exact

5

amount to be proved at trial;

      B.      Genesis's costs, expenses and attorneys' fees associated with prosecution of this action;

      C.      The imposition of a constructive trust on sums received by Defendant as Medicare reimbursement for therapy and rehabilitation services provided by Genesis and not paid for by Defendant;

      D.      Pre-judgment and post-judgment interest; and

      E.      All other relief to which Genesis may be entitled.

Dated: September 14, 2007

Respectfully submitted,

      */s/ Kristen A. Bennett*
Charlie C.H. Lee (DC Bar #447501)
Kristen A. Bennett (DC Bar #451556)
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia  22102-4225
(703) 506-2050  Telephone
(703) 506-2051  Facsimile
E-Mail: c.lee@mooreandlee.com
E-Mail: k.bennett@mooreandlee.com

<u>Of Counsel</u>
Benjamin C. Fultz
FULTZ MADDOX HOVIOUS & DICKENS PLC
2700 National City Tower
Louisville, Kentucky 40202
(502) 588-2000 Telephone
(502) 588-2020 Facsimile
E-Mail: bfultz@fmhd.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2007, a true and correct copy of the foregoing Amended Complaint was sent via Federal Express to:

Corporation Service Company
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

                                            */s/ Kristen A. Bennett*
                                            Kristen A. Bennett